UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NORMAN PARRISH**

Plaintiff,

Case No.

6:11-cv-342-Orl-31GJK

v.

**AT&T UMBRELLA BENEFIT PLAN NO. 1,**

An ERISA Plan,

Defendant.

## COMPLAINT

The Plaintiff, Norman Parrish, by and through undersigned counsel, hereby sues AT&T UMBRELLA PLAN NO. 1, ("AT&T") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Mr. Parrish was covered under an Employee Welfare Benefit Plan providing short and long-term disability benefits through her employer; Defendant AT&T UMBRELLA PLAN NO. 1 is the ERISA Plan, which is denominated AT&T Umbrella Benefit Plan No. 1. – AT&T Mobility Disability Benefits Program.

5. Defendant, AT&T is a foreign corporation doing business in Orange County, Florida.

6. At all times material hereto, Mr. Parrish was covered under an employee welfare benefit plan sponsored by his employer, which provided disability insurance benefits through the Plan, copies of which are attached hereto as Composite Exhibit "A."

7. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8. The benefits at issue, upon information and belief, are both underwritten and administered by AT&T, which was the fiduciary of the employee benefits plan established by Mr. Parrish's employer, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(b). Certain ancillary benefits described in the attached plan documents flow from the approval of the disability benefits which Defendant has denied.

9 Defendant AT&T is and/or was at all times relevant to this litigation a

"plan fiduciary" within the meaning of 29 U.S.C. §1104.

10. Defendant AT&T bears the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between AT&T's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

11. Defendant AT&T has a serious conflict of interest and bears the burden of establishing that its decision was not wrong, unreasonable, or arbitrary and capricious, and Defendant's decision to deny benefit was influenced by its conflict of interest.

12. Defendant AT&T has failed to apply the provisions of the plan consistently with respect to similarly situated claimants.

13. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

14. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

15. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

16. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h),, and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

17. Plaintiff has exhausted his administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

18. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against AT&T

19. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

20. Mr. Parrish was and is "disabled," as the term was defined in the short-term disability insurance plan funded and administered by AT&T at all times material hereto.

21. Defendant AT&T has failed and refused to pay the Plaintiff, Mr. Parrish sums due pursuant to the disability insurance policy funded and administered by AT&T,

at all times material hereto.

22.     Defendant AT&T has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the plan.

23.     The Plaintiff Mr. Parrish is accordingly entitled to present evidence of his disability under the de novo standard to this Honorable Court.

24.     The Plaintiff Mr. Parrish is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Parrish, prays for relief from Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 for benefits due pursuant to the contract of short-term disability benefits under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against AT&T**

25.     Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

26.     Mr. Parrish was and is "disabled," as the term was defined in the AT&T Plan at all times material hereto.

27. Defendant AT&T has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied LTD benefits.

28. The Plaintiff, Mr. Parrish, is accordingly entitled to present evidence of his disability under the de novo standard to this Honorable Court.

29. The Plaintiff, Mr. Parrish is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Parrish, prays for relief from Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 for benefits due pursuant to the contract of long-term disability benefits under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), together which such other ancillary benefits as may flow from a declaration that the Plaintiff is entitled to disability benefits, and such other relief as the Court may deem appropriate.

## COUNT THREE
**Action to Clarify Right to Plan Benefits
Pursuant to 29 U.S.C. §1132 (a)(1)(B)
Against AT&T**

30. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically restated therein.

31. Mr. Parrish is entitled to long-term disability benefits under the employee benefit plan which is the subject of this action.

32. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability benefits

administered by AT&T.

33. Defendant AT&T has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1, and has denied that Plaintiff is entitled to ongoing long-term disability benefits under the terms of the plan.

34. The Plaintiff, Mr. Parrish is entitled to a declaration that his long-term disability benefits are payable under AT&T plan, and is entitled to present evidence of his disability to this effect under the de novo standard.

35. The Plaintiff, Mr. Parrish, is entitled to ancillary benefits set forth in the plan documents attached hereto as Exhibit A, as a result of his long-term disability.

36. The Plaintiff, Mr. Parrish is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Parrish prays for relief from Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 for reinstatement of benefits pursuant to the long-term disability plan pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which he may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

*/s/ William S. Coffman, Jr.*

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff